IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DONALD A. HERRINGTON,**

    Petitioner,

v.                                                                                   Civil Action No. **3:23CV748 (RCY)**

**CHADWICK DOTSON,**

    Respondent.

## MEMORANDUM OPINION

Donald A. Herrington, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging the manner in which the Virginia Department of Corrections ("VDOC") has calculated his sentence. Respondent has moved to dismiss. ECF No. 18. Respondent and the Court provided Herrington with notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). ECF Nos. 21, 24. Because the record conclusively shows that Herrington is not entitled to relief, the § 2254 Petition will be DENIED.

### I.  PERTINENT PROCEDURAL HISTORY

**A.  Sentences and Initial Jail Credit**

On October 1, 2012, the Circuit Court for Stafford County ("Circuit Court") sentenced Herrington for a host of crimes committed between 2007 and 2011, as follows:

> a. The following two felony sentences, committed on March 29, 2008 and April 1, 2008, and totaling 1 year of active incarceration (CR11001320-00 and CR11001320-10 are to run concurrently):
>    i. Docket: CR11001320-00 (Attempted) Obtain Money/Etc: False Pretense, Larceny > = $200 in violation of Code § 18.2-178, (1 year of active incarceration): and
>    ii.  Docket: CR11001320-10: Tax Return: Make False Statement to

        Defraud Va in violation of Code § 58.1-348, (12 months of active incarceration).
   b. The following two felony sentences, committed on February 25, 2009 and February 26, 2009, and totaling 1 year of active incarceration (CR11001320-01 and CR11001320-11 are to run concurrently):
      i. Docket: CR11001320-01: (Attempted) Obtain Money/Etc: False Pretense, Larceny > = $200 in violation of Code § 18.2-178, (1 year of active incarceration); and
      ii. Docket: CR11001320-11: Tax Return: Make False Statement to Defraud Va in violation of Code § 58.1-348, (12 months of active incarceration).
   c. The following two felony sentences, committed on May 16, 2011 and May 18, 2011, totaling 1 year of active incarceration (CR11001320-02 and CR 11001320-12 are to run concurrently):
      i. Docket: CR11001320-02: (Attempted) Obtain Money/Etc: False Pretense, Larceny > = $200 in violation of Code § 18.2-178, (1 year of active incarceration); and
      ii. Docket: CR11001320-12: Tax Return: Make False Statement to Defraud Va in violation of Code § 58.1-348, (12 months of active incarceration).
   d. The following felony sentence, committed on September 30, 2008, and totaling 1 year of active incarceration:
      i. Docket CR11001320-04: Indigency Determination: Perjury By Charged Felon in violation of Code § 19.2-161.
   e. The following felony sentence, committed on September 23, 2009, and totaling 1 year of active incarceration:
      i. Docket: CR110011320-05: Perjury: Falsely Swear an Oath in violation of Code § 18.2-434.
   f. The following two felony sentences, committed on April 6, 2010, and totaling 1 year of active incarceration (CR11001320-06 and CR 11001320-07 are to run concurrently):
      i. Docket: CR11001320-06 Perjury: Falsely Swear An Oath in violation of Code § 18.2-434, (1 year of active incarceration); and
      ii. Docket: CR11001320-07 Indigency Determination: Perjury By Charged Felon in violation of Code § 19.2-161, (1 year of active incarceration).
   g. The following misdemeanor sentence, committed on May 2, 2007, and totaling 12 months of active incarceration.
      i. Docket: CR11001320-13 Tax Returns: Not File Tax Return in violation of Code § 58.1-348.
   h. The following misdemeanor sentence, committed on May 4, 2010, and totaling 12 months of active incarceration.
      i. Docket: CR11001320-14 Tax Returns: Not File Tax Return in violation of Code § 58.1-348.

ECF No. 19-1 ¶ 4.[1]  Subsequently, on May 23, 2013, the Circuit Court sentenced Herrington to fifteen years of active incarceration for "Docket: CR12000857-00 Drugs: Possess w/Intent to Manuf/Sell I, II, in violation of Code § 18.2-248 (C)," yet another felony, which he committed in 2012.  *Id.* ¶ 5.

Pursuant to Va. Code Ann. § 53.1-20(B), "[p]ersons convicted of felonies committed on or after January 1, 1995, and sentenced to the Department or sentenced to confinement in jail for a year or more shall be placed in the custody of [VDOC] and received by the Director into the state corrections system within sixty days of the date on which the final sentencing order is mailed by certified letter or sent by electronic transmission to the Director by the clerk."  *Id.* ¶ 7 (alterations in original).  After his sentencing, Herrington filed motions in the Circuit Court that delayed entry of a final sentencing order by several months.  *See* ECF No. 19-1, at 9.  On December 17, 2012, the Circuit Court denied Herrington's Motion to Set Aside the Verdict and ordered the execution of the sentences imposed by the Circuit Court on October 1, 2012.  *See id.*; ECF No. 19-1 ¶ 9.  The Circuit Court Clerk transmitted the December 17, 2012 final sentencing order on December 21, 2012, and it was stamped as received by the VDOC on January 2, 2013.  ECF No. 19-1 ¶ 9.  The VDOC intake staff then contacted the jail to ensure Herrington was ready to be moved into the VDOC.  *Id.*

In accordance with Va. Code Ann. § 53.1-20(B), at that point, the VDOC issued Herrington's Custody Responsibility Date ("CRD") as February 19, 2013.  *Id.* ¶¶ 9–10.  Herrington was received into the VDOC correctional system and became a state-responsible inmate on

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.  The Court corrects the capitalization, punctuation, and spelling and omits the emphasis in the quotations from the parties' submissions.  The first eight pages of the attachment to the Memorandum in Support of Respondent's Rule 5 Motion to Dismiss is comprised of an Affidavit of Donna M. Shiflett, the Manager of the Court and Legal Services Section of the VDOC.  Although ECF No. 19-1 is continuously paginated and is 46 pages, the Court refers to any citation to the Affidavit by the paragraph number.

February 19, 2013, within sixty days of the Circuit Court's transmission of the order executing the sentence imposed. *Id.* ¶ 10. Herrington is required to satisfy a total sentence of 21 years and 24 months. *Id.* ¶¶ 8, 10. Beginning on Herrington's CRD date of February 19, 2013, the "VDOC took over computation of Herrington's sentences and Herrington stopped earning jail credit." *Id.* ¶ 11. On the CRD date, jail personnel forward an inmate's jail credit forms to the VDOC's Court & Legal section, and pursuant to Va Code Ann. § 53.1-187, the inmate "shall have deducted from any such term all time actually spent by the person . . . in a state or local correctional facility awaiting trial or pending an appeal." *Id.* ¶ 12 (omission in original). Herrington received a total of 270 days of jail credit applied to his 21-year and 24-month term of imprisonment. *Id.* ¶ 13. "[S]pecifically he earned 1 day credit for time served in the Rappahannock Regional Jail, from December 18, 2011 to December 18, 2011, and 269 days credit for time served in the Rappahannock Regional Jail from May 26, 2012 to February 19, 2013 (date of his CRD)." *Id.*; *see* ECF No. 19-1 at 23–24.

**B. Good Conduct Allowance and Earned Sentence Credit**

Va. Code Ann. §§ 53.1-198 through 53.1-202.1 creates a Good Conduct Allowance ("GCA") system that applies to misdemeanor offenses committed on or after July 1, 1981. ECF No. 19-1 ¶ 14. There are four good time earning levels ranging from 0 to 30 days of good time for every 30 days of sentence served. *Id.* The sentencing credit for Herrington's two misdemeanor convictions—Case Nos. CR11001320-13 and CR11001320-14—are calculated under the GCA system. *Id.*

Va. Code Ann. §§ 53.1-202.2 through 53.1-202.4 creates an earned sentence credit ("ESC") system that applied to felony offenses committed on or after January 1, 1995. *Id.* ¶ 15. Herrington's remaining convictions are felony convictions calculated under the ESC system. *Id.*

4

"Herrington must satisfy his ESC eligible sentences before serving his GCA eligible sentences." *Id.* ¶ 16.[2] In addition to jail credit for time served before their CRD date, inmates receive good time credit "at the rate of 2.25 days for each 30 days served on sentences served under the ESC system." *Id.* ¶ 17 (citing VDOC Operating Procedure 830.3). This additional 2.25-day credit is not created by statute, but is only provided by the VDOC Operating Procedures. *Id.* ¶ 23; *see* VDOC Operating Procedure 830.3.VII.A. Accordingly, "in addition to receiving credit for the 270 days of jail credit, Herrington earned an additional 2.25 good time days for every 30 days served in the local/regional jails prior to becoming a state-responsible inmate on February 19, 2013." ECF No. 19-1 ¶ 18.)

Before July 1, 2022, an inmate could earn no more than 4.5 days of credit for 30 days served as a state-responsible inmate on any felony offense committed on or after January 1, 1995. *Id.* ¶ 19. On February 19, 2013, Herrington was assigned to ESC Class Level I and began earning 4.5 days of credit on every 30 days served. *Id.* ¶ 20.

On July 1, 2022, the General Assembly enacted an amendment to Va. Code Ann. § 53.1-202.3, which governs the rate of ESC earned. *Id.* ¶ 21. For offenses enumerated in subsection (A), the maximum amount of sentence credit earned remained 4.5 days of credit for every 30 days served, referred to as ESC-1. *Id.* For all other offenses, an inmate can earn up to 15 days credit for 30 days served, referred to as ESC-2. *Id.* (citing Va. Code Ann. § 53.1-202.3). On the effective date of July 1, 2022, all ESC-2 eligible sentences were retroactively recalculated. *Id.*

As Respondent explains:

> Because ***none*** of Herrington's felony offenses are enumerated in subsection (A) of Code § 53.1-202.3, his felony sentences are calculated under the ESC-2 system set forth in subsection (B) of Code § 53.1-202.3. Accordingly, upon the

---

[2] Respondent cites to no authority for this proposition. However, this is not something Herrington takes issue with in his § 2254 Petition.

> effective date of amendment, July 1, 2022, Herrington's release date was recalculated to retroactively apply the enhanced credit rate of 15 days for every 30 days—ESC-2 and Class Level 1. On that day, Herrington's sentence was retroactively credited with 15 days of credit for every 30 days served from Herrington's CRD date to the present.[3]
>
> . . . .
>
> . . . . Presently, Herrington remains at ESC-2 Class Level 1, earning 15 days of credit for every 30 days served. When Herrington finishes satisfying his ESC eligible sentences, he will begin serving his GCA eligible misdemeanor sentences in accordance with the rates set forth in Code § 53.1-201.
>
> All ESC credit, GCA credit, and jail credits are automatically factored into an inmate's projected Good Time Release Date ("GTRD")—the day an inmate would be discharged from VDOC custody having fully satisfied his total term of confinement. Herrington's projected Good Time Release Date is July 15, 2027. This projected date is based on the assumption that he will continue to earn good time at his present earning level without the occurrence of a future event that impacts the service of his total sentence.

*Id.* ¶¶ 22, 24–25 (paragraph numbers omitted) (emphasis in original).

**C. Herrington's Challenges in the State and Federal Court**

Herrington filed a petition for writ of habeas corpus with the Supreme Court of Virginia raising the identical issue to that raised in his present federal petition. On September 22, 2023, the Supreme Court of Virginia determined that it did "not have jurisdiction to consider this claim because petitioner filed his petition before the date he claims he is eligible for release." ECF No. 1-5, at 1 (citation omitted).

On November 8, 2023, the Court received Herrington's § 2254 Petition. ECF No. 1, at 15. Herrington raises the following claim:

> Claim One:   The Petitioner['s] future release date is in violation of his 5th and 14th Amendment U.S. Constitutional rights to due process and liberty interest. This happened when the Virginia Department of Corrections (DOC) arbitrarily abrogated the law by misinterpreting or omitting instruction by the legislature in how newly amended § 53.1–202.3 is applied. This resulted in loss of good time credits, i.e., a longer sentence duration contrary to state

---

[3] Herrington has been continuously assigned to Class Level I since he became a state responsible inmate on his CRD date of February 17, 2013.

> law. The state "having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest, substance and is sufficiently embraced within Fourteenth Amendment liberty to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *See Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S. Ct. 2963 (1974).

ECF No. 1-1, at 2 (some internal quotation marks omitted).

## II. ANALYSIS

Distilled to its essence, Herrington contends that he was not awarded the appropriate amount of good time sentence credit in violation of the Fourteenth Amendment.[4] Specifically, Herrington argues that the VDOC has incorrectly calculated his sentence because he should have received 15 days of credit for 30 days served for his "entire sentence," including the time that he spent in the local jail prior to becoming a VDOC inmate. ECF No. 1-1, at 5–6. Herrington cites the legislative notes for Va. Code. Ann. § 53.1-202.3, which state "[t]hat the provisions of § 53.1-202.3 of the Code of Virginia, as amended by this act, shall apply retroactively to the **entire sentence** of any person who is confined in a state correctional facility and participating in the earned sentence credit system on July 1, 2022." *Id.* at 5 (citing Acts 2020 Sp. Sess. I, cc. 50 and 52, cl. 4, effective July 1, 2022) (emphasis in original). However, as discussed below, this argument is meritless because Herrington lacks entitlement to any further credit.

To obtain federal habeas relief, a petitioner must, at a minimum, demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court of Virginia did not address Herrington's claim because it determined it lacked jurisdiction. Therefore, the Supreme Court of Virginia's dismissal of this

---

[4] Although Herrington contends that Respondent's conduct violates the Fifth Amendment Due Process Clause as well, the Fifth Amendment applies to federal actors. Because Herrington is challenging an alleged state deprivation of due process, the Fourteenth Amendment alone governs his claims.

7

claim did not constitute an adjudication "on the merits" for purposes of 28 U.S.C. § 2254(d). *Boger v. Young*, No. 7:10CV00175, 2010 WL 4861616, at *3 (W.D. Va. Nov. 23, 2010). This Court will conduct a *de novo* review of Claim One. *See Scott v. Vargo*, No. 2:14CV25, 2014 WL 11514067, at *2 (E.D. Va. Sept. 5, 2014) (citing *Hudson v. Hunt*, 235 F.3d 892, 895 (4th Cir. 2000)), *R&R adopted by* 2014 WL 11512873 (E.D. Va. Oct. 8, 2014).

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged offending conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases). "[I]t is well established that Virginia inmates do not enjoy a protected liberty interest in the rate at which they earn either Earned Sentence Credits or Good Conduct Allowances." *Sydnor v. Mahon*, No. 3:10CV780–HEH, 2012 WL 604039, at *4 (E.D. Va. Feb. 23, 2012) (citations omitted); *see James v. Robinson*, 863 F. Supp. 275, 278 (E.D. Va. 1994), *aff'd* 45 F.3d 426 (4th Cir 1994). Here, Herrington fails to show that he has been deprived of a constitutionally protected interest because he is not entitled to any further credits under Virginia law.

Respondent contends that, "[a]s reflected in VDOC Operating Procedure ("OP") 830.3, *Good Time Awards*, inmates are awarded good time at the rate of 2.25 days for each 30 days served prior to their CRD for both ESC-2 and ESC-1 sentences, [and that] Herrington's jail credit calculations were unaffected by the amendments to Code § 53.1-202.3." ECF No. 19-1 ¶ 23. The Court agrees. Va. Code Ann. § 53.1-202.2(A) states that ESC "eligibility shall commence upon the person's incarceration in any correctional facility following entry of a final order of conviction by the committing court." *Id.* Notably, the 2022 amendment did nothing to change this section or

8

any portion of the statute that speaks to when an inmate becomes eligible for ESC credit. Under the earlier version of § 53.1-202.3, Herrington was entitled to 4.5 days of credit for every 30 days served in the VDOC. Under the 2022 amendment, this simply increased to 15 days of credit for every 30 days served. The 2022 amendment says nothing about credits for time spent in jail custody. While the Virginia Code contains no language identifying the precise point at which the inmate must begin receiving the credits set forth in the statute, it certainly does not indicate that this credit should extend back to the time of an inmate's arrest.

The Supreme Court of Virginia recently addressed and rejected Herrington's exact argument that his "entire sentence" was eligible for the 15-day ESC credit and that his arrest date was the date that he became eligible for ESC credits. In *White v. Dotson*, 903 S.E.2d 511, 511–13 (Va. 2024), the Court explained:

> . . . . Petitioner challenges VDOC's failure to use the date of his arrest on one of the charges that predicates his current incarceration as the starting point for his accrual of Earned Sentence Credit ("ESC"). Petitioner explains that instead of using the date of his arrest, a VDOC policy uses a date well after his arrest as the starting point for his accrual of ESC at the rates set by Code § 53.1-202.3(B),[5] thus wrongly withholding a significant amount of ESC from him.
>
> In his petition, petitioner contends that several statutory provisions demonstrate he is entitled to ESC under Code § 53.1-202.3(B), at a rate of fifteen days for every thirty days served, beginning on the date of his arrest. Petitioner points primarily to the fact that, when Code § 53.1-202.3(B) became effective in July 2022, it was made "retroactive[ ] to the entire sentence of any person who is confined in a state correctional facility and participating in the [ESC] system on July 1, 2022." *Anderson v. Clarke*, 302 Va. 400, 405–06, 893 S.E.2d 379 (2023) (quoting 2020 Acts ch. 50 (Spec. Sess. I)). Further, petitioner relies on his interpretation of portions of Code §§ 53.1-116, -187, and -202.2(A) to bolster his contention that he is statutorily entitled to ESC from the date of his arrest.
>
> The Court rejects petitioner's claim because the plain language of Code § 53.1-202.2(A) reveals petitioner's eligibility to earn ESC under Code § 53.1-202.3(B) did not begin upon his arrest. The issue raised by petitioner is, in essence, one of statutory interpretation. The Court is bound by a statute's plain language

---

[5] VDOC uses an inmate's Custody Responsibility Date ("CRD") as the date from which an inmate is eligible to earn ESC at the statutorily prescribed rates set by Code § 53.1-202.3(B). An inmate's CRD is "the date on which the inmate becomes state responsible whether located in a jail or a [V]DOC institution."

9

unless that language is ambiguous or applying it would lead to an absurd result. *Morgan v. Commonwealth*, 301 Va. 476, 482, 881 S.E.2d 795 (2022). Also, when interpreting a statute, the Court's primary objective is to determine and effectuate the General Assembly's intent as it is expressed through the language of the operative statute. *See Commonwealth v. Delaune*, 302 Va. 644, 655, 894 S.E.2d 846 (2023).

The operative statute is Code § 53.1-202.2, which is titled "Eligibility for earned sentence credits." As it has since its initial codification approximately three decades ago, Code § 53.1-202.2(A) defines who "shall be eligible to earn" ESC under Code § 53.1-202.3; it extends that eligibility to persons convicted of a qualifying felony offense and "sentenced to serve a term of incarceration in a state or local correctional facility." The subsection then provides that "[s]uch eligibility shall commence upon the person's incarceration in any correctional facility following entry of a final order of conviction by the committing court."

Accordingly, contrary to petitioner's contentions, Code § 53.1-202.2(A) dictates that a prisoner qualifies to start earning ESC upon his sentencing to serve a term of incarceration for a qualifying felony and his incarceration following a final order of the committing court. Petitioner does not contend he met, nor did he meet, those criteria on the date of his arrest, November 21, 2017.

. . . . Accordingly, petitioner fails to establish that VDOC has transgressed any statutory directives by ignoring the date of his arrest when calculating his ESC. There is no statutory support for the contention that petitioner is entitled to ESC under § 53.1-202.3(B) from the date of his arrest.

In other portions of his petition, petitioner contends that VDOC has violated his constitutional right to due process by not granting him ESC under Code § 53.1-202.3(B) from the date of his arrest.[] The Court rejects this claim. As explained above, petitioner has not demonstrated he is statutorily entitled to the additional ESC he demands. *See Anderson*, 302 Va. at 415–16, 893 S.E.2d 379 (explaining that habeas petitioner's due process claim failed, in part, because he did not have a "cognizable interest" in the additional ESC he argued he was wrongly denied). Nor does petitioner have a constitutionally based right to receive sentencing credit, like ESC, for his good behavior while incarcerated. *See id.* at 415, 893 S.E.2d 379 ("[T]he United States Supreme Court recognized that . . . the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison.") (internal quotation marks omitted).

Accordingly, petitioner's invocation of due process protections fails because he has not established a deprivation of a legitimate, protected interest in his life, liberty, or property. *See Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983) (due "[p]rocess is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."); *see also Singleton v. Cecil*, 176 F.3d 419, 424 (8th Cir. 1999) ("Merely labeling a governmental action as arbitrary and capricious, in the absence of the deprivation of life, liberty, or property, will not support a substantive due process claim."); *Hawkins v. Freeman*, 195 F.3d 732, 750 (4th Cir.

> 1999) ("Nor . . . can liberty interests protected by the substantive component of the due process clause be found except in the Constitution itself; they cannot be created by state law.").

*Id.* at 512–13 (first alteration added). As aptly explained by the Supreme Court of Virginia, Herrington has no legitimate entitlement based on the ESC statute to earn ESC credit from the date of his arrest. Herrington fails to meet the requirements of § 53.1-202.2, because as of the date of his arrest on May 26, 2012, he neither had been "sentenced to serve a term of incarceration in a state or local correctional facility" nor had his incarceration "follow[ed] entry of a final order of conviction by the committing court." Va. Code Ann. § 53.1-202.2.[6] Because Herrington lacks entitlement to additional ESC credit from his arrest date, he has no protected liberty interest in receiving this credit. Thus, Herrington fails to show Respondent violated his right to due process. Accordingly, Claim One lacks merit and will be DISMISSED.

### III. CONCLUSION

For the foregoing reasons, Herrington's § 2254 Petition (ECF No. 1) will be DENIED. The Clerk will be DIRECTED to terminate the Motion to Dismiss. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: January 2, 2025
Richmond, Virginia

---

[6] Notably, 2024 Virginia House Bill No. 45, sought to amend Va. Code Ann. § 53.1-202.2 to allow ESC to extend back to the time of arrest or for "incarceration prior of conviction." 2024 VA H.B. 45 (NS) (Feb. 26, 2024). The bill proposed amending the statute to "include any period of time actually spent in any state or local correctional facility," and provided that, "[a]ll time actually spent by a person in confinement or detention shall be used in calculating such person's earned sentence credit." *Id.* This bill was vetoed by the Governor on March 27, 2024. *See* https://legacylis.virginia.gov/cgi-bin/legp604.exe?241+amd+HB45AG (last visited Nov. 11, 2024). Thus, it is clear from later legislative history that Va. Code Ann. § 53.1-202.2 was neither intended to nor does it actually provide the credit that Herrington believes he is due for time spent in jail prior to his final order of conviction.

11